## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 4:25-CR-00313 |
| v. | | (Chief Judge Brann) |
| DOMINIQUE HARRIS, | | |
| Defendant. | | |

## <u>ORDER</u>

**AND NOW**, this 30th day of December 2025, **IT IS HEREBY ORDERED** that the captioned case will be governed by the following:

1. **<u>Trial</u>**. The trial will commence with the drawing of a jury on **<u>February 2, 2026, at 9:30 a.m. in Courtroom No. 1, Fourth Floor, United States Courthouse and Federal Building, 240 West Third Street, Williamsport, Pennsylvania</u>**. No continuance will be granted except for extraordinary circumstances.

2. **<u>Motions deadline</u>**.

   (A) All pretrial motions, except motions <u>in limine</u>, and except for good cause shown shall filed within fifteen (15) days of arraignment. The motion must be accompanied by a brief. *See* paragraph 14 of this order.

   (B) A motion for a bill of particulars is governed by Rule 7 of the Federal Rules of Criminal Procedure.

(C)    Motions in limine shall be filed not less than ten (10) days prior to the date scheduled for jury selection.

3.    **Caption**.  The name of the judge to whom this case is assigned shall appear under the case number.

4.    **Conference**.  Within ten (10) days after the date of this order, the United States Attorney, or one of his assistants, and the attorney for the defendant shall meet in the United States Attorney's Office, Third Floor, United States Courthouse and Federal Building, 240 West Third Street, Williamsport, Pennsylvania.   At that conference, the government shall:

(A)    Permit the attorney for the defendant to inspect and copy or photocopy any relevant written or recorded statements or confessions made by the defendant or copies thereof within the possession, custody, or control of the government, the existence of which is known, or may become known to the attorney for the government;

(B)    Permit the attorney for the defendant to inspect and copy or photocopy any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or may become known to the attorney for the government;

(C)    Permit the attorney for the defendant to inspect and copy or photograph any recorded testimony of the defendant before a grand jury which relates to the offense charged;

(D)    Permit the attorney for the defendant to inspect and copy, photocopy or photograph books, papers, documents, tangible objects, buildings or places which are the property of the defendant and which are within the possession, custody, or control of the government;

(E)    Permit the attorney for the defendant to inspect and copy or photocopy the defendant's prior criminal record in the possession of the attorney for the government;

(F)    Permit the attorney for the defendant to inspect, copy or photocopy any exculpatory evidence within the purview of *Brady v. Maryland*, 373 U.S. 83 (1963). The government may, however, first redact impeachment material that is within the scope of *Giglio v. United States*, 405 U.S. 150 (1972).  The government shall make all *Giglio* material available to the defendant for inspection or copying at least one week before the start of trial, unless the government demonstrates that unique circumstances in the case require a later disclosure;

(G)    Produce all evidence which may be the subject of a Rule 12 motion;

(H)    If there are multiple defendants named in the indictment, and if the government intends to introduce into evidence in its case in chief a confession made to law enforcement authorities by one defendant which names or makes mention of a codefendant, then the government shall made a copy of that statement or confession available to counsel for the non-declarant defendant along with a proposal for its redaction to conform with the requirements of *Bruton v. United States*, 391 U.S. 123 (1968).  If the government makes no such disclosure and turnover, the confession may not be received at a joint trial of the declarant and non-declarant defendants.  If, within ten (10) days after receipt of the confession and its redacted version, counsel for the non-declarant defendant makes no objection to the redacted statement, he will be deemed to have acceded to the admission of the redacted statement into evidence.

5.    **Reciprocal Discovery**.  The defendant shall provide government counsel with reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) and (B).

6.    **Disclosure Declined**.

(A)    If, in the judgment of the United States Attorney, it would be detrimental to the interests of justice to make any of the disclosures set forth

in ¶ 4, disclosure may be declined, and defense counsel advised in writing of the declination on or before the date of the conference between counsel;

  (B) If the defendant seeks to challenge the declination, he may move the court for relief in the following manner:

    (i) No later than seven (7) days after the conference between counsel, the defendant shall file a motion for discovery or inspection;

    (ii) the motion shall set forth (a) a statement showing the date and time that the prescribed conference between counsel was held; (b) the name of the assistant United States attorney with whom the conference was held; (c) all matters which were agreed upon; and (d) the matters which are in dispute and which require the court's determination.

  7. **Continuing Duty**.  Any duty of disclosure and discovery set forth herein is a continuing one and the United States Attorney shall produce any additional information gained by the government within ten (10) days after receipt thereof, subject, however, to the provisions of the paragraph relating to declination of disclosure.  The defendant may move to challenge the declination with respect to such additional matters within seven (7) days after the government declines to disclose same.

  8. **Exhibits**.  The parties shall pre-mark all exhibits which they intend to introduce as part of their direct case.  One copy of the exhibit list and all exhibits shall be served on the opposing party not later than ten (10) days prior to the commencement of trial.  Objections to the admissibility of exhibits shall be filed with the court five (5) business days prior to trial.  One (1) set of the pre-marked

documentary exhibits with exhibit lists in duplicate shall be given the deputy clerk before or at the outset of trial.   The exhibit list shall be in the form attached[1].

All parties are expected to use presentation technology to display evidence to the jury. 6.13 <u>JERS System</u>. Testing your device shall be arranged well in advance of trial with the courtroom deputy and/or systems team member. <u>See</u> "Programs & Services" link and select "Courtroom Technology" on the district website at <u>www.pamd.uscourts.gov.</u>  **Please read thoroughly the "Notice to All Courtroom Technology Users" as well as the section on "Jury Evidence Recording System [JERS]."**  Counsel shall provide in electronic format any exhibits of documents, photographs, videos and any other evidence that may be reduced to an electronic file, for the use of Court Personnel and JERS during trial, five (5) business days before jury selection.  Documents and photographs shall be in .pdf, .jpg, .bmp, .tif, or .gif format; video and audio recordings shall be in .avi, .wmv, .mpg, .wma, or .wav format. Each electronic exhibit shall be saved as a separate, independent file, and provided to the Court on a storage device, such as cd, dvd, or flash drive. Exhibits filed shall be named consistent with their order and name on the exhibit list.

---

[1] Please contact Chambers to obtain a Word version of this form.

For Example:

1-1_ Statement at PSP Barracks

1-2_ Interview with FBI

2-1_Search warrant for 123 Market Street

2-2_Search warrant for Lexus SUV

3_Photographs Lexus

3-1_Photograph of contents in the back of the Lexus

3-2_Photograph of inside of the front passenger side of the Lexus

9.    **Witness Statements**.  Counsel shall pre-mark all statements which must be produced pursuant to Federal Rule of Criminal Procedure 26.2 so that no trial delay is encountered at the time the statements are turned over.  Voluntary disclosure at a time earlier than that mandated by the rule is encouraged in order to avoid delays at trial.

10.    **Authenticity of Exhibits**.  The authenticity of all exhibits examined by counsel pursuant to the provisions of ¶ 8 of this order will be deemed to have been accepted unless counsel files with the court at least five (5) business days prior to the date of jury selection, or commencement of a nonjury trial:

(A)    A notice that the authenticity of the particular exhibit or exhibits will be contested at the trial; and

(B)    A statement delineating why the authenticity of each particular exhibit is being challenged.

11.    **Chain of Possession**.  When defense counsel has examined an exhibit pursuant to this order, the chain of possession of the exhibit will be deemed to have been accepted by the defendant unless defense counsel files with the court, at the time set forth in the previous paragraph relating to notice of challenge of authenticity of exhibits, a notice that the chain of possession of the exhibit will be contested by the defendant at trial.

12.    **Scientific Analysis**.  When the government has disclosed to defense counsel at the conference set forth in ¶ 4 the scientific analysis of an exhibit proposed to be introduced at the trial by the government which has been determined by an expert in the field of science involved, the scientific analysis of the exhibit will be deemed admissible in evidence unless defense counsel files with the court, at the time set forth in ¶ 10 relating to notice of challenge of authenticity of exhibits, a notice that the scientific analysis of the exhibit will be contested.

13.    **Depositions**.  If a videotape deposition is to be used at trial, it **must** be accompanied by a transcript of the deposition.

14.    **Motions**.

(A)    **Concurrence By Opposing Counsel**.  All motions prior to trial shall be written, and shall, with the exception of ex parte motions, contain a certification by counsel for the movant that concurrence in the motion by opposition counsel has been sought and it has been either given or denied.

(B)    **Documents Substantiating Motion**.  When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and other documents shall accompany the motion unless good cause is

shown why they cannot be submitted at that time, in which event they shall be filed as soon as reasonably possible.

(C)    **Certificates of Service**.  Certificates of service shall be attached to the motion following the certificate of concurrence or nonconcurrence.

(D)    **Pretrial Motions**.

(i)    Pretrial motions shall be accompanied by a supporting brief.  If a supporting brief is not filed in conjunction with the motion, the motion will be deemed withdrawn, unless otherwise ordered by the court.

(ii)    A responsive brief shall be filed within ten (10) days of the filing of the motion and brief unless service is by mail, in which case the respondent shall have thirteen (13) days from the date of filing in which to respond.

(iii)    Motions for extension of time must be filed before the expiration of the original deadline.

(iv)    A reply brief may be filed by the original movant in rebuttal to new matter raised by the respondent's brief.  Such a brief shall be filed within three (3) days after the filing of the responsive brief unless service of the responsive brief is by mail, in which case the reply brief shall be filed within six (6) days of the filing of the responsive brief.  The court reserves the right to rule on any motion without benefit of a reply brief.

(v)    The court will not consider motions unless they are supported by briefs which describe the factual background for the motion and cite legal authority for the requested relief.

(E)    **Motions to Extend or Shorten Time**.  A motion to extend or shorten a time period may be granted by the court without waiting for a responsive brief.

(F)    **Contents of Briefs**.  Briefs shall contain complete citations of all authorities relied upon and shall refer, where applicable, to United States

Reports, Federal Reporter, Federal Supplement, Federal Rules Decisions and Atlantic Reporter 2d.  Photocopies of all opinions and articles cited in briefs but not contained in the aforementioned reports shall be submitted with the briefs.

(G)    **Ex Parte Motions**.  All requests to the court for the issuance of subpoenas or writs of habeas corpus ad testificandum shall, except for good cause shown, be filed ten (10) days prior to the date set for jury selection and shall state with specificity the proposed testimony of each witness and its relevance to the case.  The witnesses shall be listed in the order of preference to the movant.

15.    **Psychiatric Examination**.  An application for a psychiatric examination of a defendant shall be made within twenty (20) days of arraignment. Such request shall cite the statutory authority under which the examination is sought and shall state the ground(s) on which the necessity of such examination is based.  It shall contain the name of the doctor who is to conduct the examination and a list of three alternative dates and times on which a psychiatrist has agreed to examine the defendant, if the motion is granted.

16.    **Proposed Voir Dire Questions**.  Proposed voir dire questions shall be submitted seven (7) days prior to the pretrial conference.

17.    **Points for Charge**.  Each party shall submit requests for charge at the beginning of its case in chief unless otherwise allowed or directed by the court. Proposed points for charge shall not exceed twelve (12) in number, one to a page, and shall state the best authority for the point.  If the best authority cited is not reported in United States Reports, Federal Reporter, Federal Supplement, Federal

Rules Decisions and Atlantic Reporter 2d, a photocopy of the pertinent opinion shall be submitted with the point. Supplemental points for charge may be submitted for matters arising during the trial which could not reasonably have been anticipated by the party submitting such additional points. Points for charge shall be submitted to the Court via email in Word format.

18.    **Communications With Court**. All letters and other documents which are mailed to the undersigned judge or the clerk of court shall be addressed to the United States Courthouse and Federal Building, 240 West Third Street, Suite 218, Williamsport, Pennsylvania 17701. Copies shall be sent by counsel to opposing counsel. No counsel shall meet with the court or with a law clerk on a matter relating to this case unless opposing counsel is present. Counsel shall not communicate with the court or with the law clerk by telephone on a matter relating to this case except by conference call with other counsel on line. Counsel may make inquiries of a law clerk which are purely procedural or are related to scheduling. An ex parte communication may be made to report a proposed change of plea.

19.    **Conflict With Rules of Court or Prior Order**. Should any provision of this order conflict with any rule of court for the United States District Court for the Middle District of Pennsylvania, or any standing order of this court or district, such conflicting provision of this order shall control and the rule of court

or standing order shall be suspended in the captioned case to the extent that it conflicts with this order.  If any provision of this order conflicts with a prior order in this case, such prior order shall be revoked to the extent that it conflicts with this order.

20.    **Plea Agreements**.  All plea agreements shall be reduced to writing and executed by all parties.  A copy of the proposed plea agreement shall be submitted to the court via ECF.

21.    **Daily Schedule**.  The following trial schedule will be maintained, unless otherwise ordered by the court:  Each morning session will commence at 9:30 A.M. and end at 12:30 P.M.  Each afternoon session will commence at 1:30 P.M. and end at 5:00 P.M.  There will be a ten (10) minute break at approximately 11:00 A.M. and 3:00 P.M.  The courtroom doors will be locked during the lunch hour.

22.    **Trial Transcripts**.  Post-trial motions will be decided without a transcript of testimony unless there are unusual circumstances.  Counsel are respectfully cautioned to take adequate notes.  Failure to do so will not be a justification for the transcription of testimony.

23.    **Position of Counsel When Questioning Witnesses**.  Counsel shall stand at the podium or remain at counsel table, either standing or sitting, when questioning witnesses.

24. **Sidebar Conferences**.  Counsel desiring sidebar conferences prior to the commencement of trial at 9:30 A.M. shall notify the court before 9:00 A.M. Sidebar conferences will be held between 9:15 and 9:30 A.M. before the jury is brought into the courtroom.

25. **Closing Arguments**.  Each attorney's closing argument will be limited to one hour unless the attorney has permission from the court to argue for a more extended period of time.  Such permission must be sought prior to the commencement of argument.

26. **Polling of the Jury**.  Any request to have the jury polled must be made <u>before</u> the court enters judgment and excuses the jury.

27. **Post-Trial Motions**.  Briefing of post-trial motions will be in accordance with Local Rules 7.5, 7.6 and 7.7.  Should the court grant a request for a transcript of the trial testimony, the moving party's brief shall be filed within thirty (30) days of the filing of the transcript.  Respondent's brief will be due twenty (20) days after the filing of the movant's brief.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

**Caption:**

**Case No:**

**Judge:**

**Date:**

## EXHIBIT LIST

| Completed by Counsel | | Completed by Courtroom Deputy | | |
|---|---|---|---|---|
| Exhibit No. (P/D-#) | Exhibit Description | Date Identified | Date Admitted | Witness |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |